UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JONATHAN DAVILA,

Defendant.

23-cr-292-01 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is defendant Jonathan Davila's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Mr. Davila, who is serving a below-Guidelines sentence of forty-two months after pleading guilty to being a felon in possession of a firearm, argues that he is entitled to a sentence reduction based on a change to the United States Sentencing Commission's "age policy" departure provision. For the reasons stated below, the Court denies the motion.

District courts are authorized to modify a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A) where (1) the defendant has complied with the administrative exhaustion requirement, (2) the defendant has demonstrated that extraordinary and compelling reasons warrant a sentence reduction, (3) the 18 U.S.C. § 3553(a) factors are consistent with a lesser sentence than that previously imposed, and (4) there is a particular sentence reduction consistent with the § 3553(a) factors that is warranted by extraordinary and compelling reasons. See United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020). District courts have broad discretion to determine what facts, if any, qualify as extraordinary and compelling reasons

1

justifying a sentence reduction. See United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).

In moving for a sentence reduction, Mr. Davila directs the Court to the Sentencing Commission's November 1, 2024 amendment to its "age policy," which now provides:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals are also more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1. According to Mr. Davila, this Court should modify his sentence in light of this amendment both because he was twenty-five years old when he committed the instant offense and because his Sentencing Guidelines range was based on prior convictions he sustained when he was twenty-one years of age and younger.

Assuming that Mr. Davila has satisfied the administrative exhaustion requirement, he has not demonstrated that the Sentencing Commission's amendment constitutes an extraordinary and compelling reason that warrants reducing his sentence. In his sentencing submission, Mr. Davila specifically argued that his age should play a

2

mitigating role in his sentence based on neuroscience studies concerning youth brain development. See Defendant's Sentencing Submission, ECF No. 20, at 5-6. At sentencing, the Court considered and discussed that argument at length. Indeed, the Court specifically acknowledged that "when someone reaches the age of puberty, both the cognitive part of their brain and the emotional part of their brain expand rapidly," but that "the connections between those two parts that allow the cognitive part to control the impulsive part develop much more slowly over a period of years and usually are not fully in place [until] around 25 or so." Sentencing Transcript, ECF No. 24, at 9:10-16. As a result, the Court further acknowledged, "it is not at all unusual to see people who have committed all sorts of impulsive crimes . . . to totally change in character between 25 and 35." Id. at 9:16-19. However, the Court ultimately imposed a sentence of forty-two months' imprisonment, explaining: "It's not as if this defendant just committed one crime or another that might be, to some extent, chalked up to his youth, to some extent chalked up to a lack of impulse control. But no; he's been at it again and again and again." See id. 12:15-19. Therefore, although Mr. Davila points to the Sentencing Commission's updated "age policy," he does not raise any new arguments concerning his youth and has not demonstrated that extraordinary and compelling reasons warrant reducing his sentence.

Even if Mr. Davila had presented extraordinary and compelling circumstances, he would still not qualify for relief, as the 18 U.S.C. § 3553(a) factors would strongly weigh against reducing his

sentence. Mr. Davila pointed a gun at a woman "because they were in an argument over a parking spot." Id. at 13:3-4. Given the severity of that conduct and the need to provide specific deterrence due to Mr. Davila's lengthy criminal history, a sentence of forty-two months' imprisonment was warranted. Accordingly, the Court declines to reduce Mr. Davila's sentence and denies his motion.

    SO ORDERED.

New York, NY
\_1/29\_, 2025

                                              JED S. RAKOFF, U.S.D.J.

4