UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

UNITED STATES OF AMERICA,

-against-                                    23-cr-292-01 (JSR)

JONATHAN DAVILA,                             ORDER

　　　　　Defendant.

---------------------------------

JED S. RAKOFF, U.S.D.J.:

　　　Before the Court is defendant Jonathan Davila's motion for reconsideration of the Court's denial of his motion for a sentence reduction. For the reasons stated below, the Court denies his motion for reconsideration.

　　　On December 18, 2023, this Court sentenced Mr. Davila to forty-two months of imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See ECF No. 22. Shortly thereafter, on January 28, 2025, Mr. Davila moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on a change to the United States Sentencing Commission's ("Commission") "age policy" departure provision. See ECF No. 26. In that motion, he argued that he was entitled to a sentence reduction under that policy both because he was twenty-five years old when he violated section 922(g)(1) and because his Sentencing Guidelines range was based on prior convictions he sustained when he was twenty-one years of age and younger. This Court denied the motion, reasoning that it had already accounted for Mr. Davila's age and criminal history in imposing its original sentence, that Mr. Davila had failed to demonstrate that extraordinary

and compelling reasons warranted a sentence reduction, and that the sentencing factors outlined under 18 U.S.C. § 3553(a) strongly weighed against such a reduction.

On February 14, 2025, Mr. Davila, proceeding pro se, filed a motion for reconsideration. Reconsideration of the denial of a motion for a sentence reduction "will generally be denied 'unless the moving party can point to controlling decisions or data the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court.'" United States v. Williams, No. 21-343, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "However, a motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Yáñez Osuna v. Citigroup Inc., No. 17-cv-1434, 2019 WL 10945119, at *1 (S.D.N.Y. Apr. 10, 2019).

As in his initial motion, Mr. Davila argues that he is entitled a sentence reduction based on the Commission's age policy. For the first time, he also suggests that he is actually innocent and that his conviction was arbitrary in violation of the Fifth and Sixth Amendments. However, he does not identify any related decisions or changes in law or otherwise develop any of these arguments in any way. Mr. Davila appends several pages of the Federal Register from 2003 to his motion. However, those pages appear to concern the record retention and storage policies of the Bureau of Alcohol, Tobacco, and Firearms

-- not the Commission's age policy. And, in any event, Mr. Davila does not meaningfully explain how they relate to any of his arguments. Accordingly, the Court is not persuaded that it "overlooked" any "decisions or data" in denying Mr. Davila's initial motion for a sentence reduction and declines to reduce his sentence. <u>Williams</u>, 2023 WL 1977601, at *1.

For the foregoing reasons, Mr. Davila's motion for reconsideration is denied. The Clerk of Court is respectfully directed to close ECF No. 28.

SO ORDERED.

New York, NY
4/22, 2025

JED S. RAKOFF, U.S.D.J.